IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AYYUB YUSUF ALMUHSIN, | : | |
| Plaintiff | : | |
| | : | No. 1:17-CV-01568 |
| v. | : | |
| | : | (Judge Kane) |
| MAURI B. KELLY, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court is pro se Plaintiff Ayyub Yusuf Almhusin's complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1), and his motion to proceed in forma pauperis. (Doc. No. 2.) For the reasons provided herein, the Court will grant Plaintiff's motion to proceed in forma pauperis, and will dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

**I.  BACKGROUND**

On September 1, 2017, Plaintiff Ayyub Yusuf Almuhsin, an inmate at the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville"), filed a pro se civil action pursuant to 42 U.S.C. § 1983, naming as Defendants Mauri B. Kelly, the Clerk of Judicial Records of Lackawanna County, and the Lackawanna County Prison. (Doc. No. 1.) Together with his complaint, Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. No. 2), and a prisoner authorization form, authorizing the filing fee for this civil action to be deducted from his prison account. (Doc. No. 6.)

Plaintiff alleges that on October 12, 2015, he was sentenced in the Dauphin County Court of Common Pleas.[1] (Doc. No. 1 at 3.) Plaintiff alleges that he was subsequently transferred to

---

[1] While Plaintiff does not provide any further detail regarding this sentence, the Court was able to access Plaintiff's criminal docket sheet via https://ujsportal.pacourts.us/DocketSheets/CP.aspx

1

the Lackawanna County Jail on April 8, 2016, where he was released three weeks later and told to report to Dauphin County Probation. (Id.) Plaintiff alleges that on October 10, 2016, he violated his probation and on November 9, 2016, a revocation hearing was held in the Dauphin County Court of Common Pleas. (Id.) Plaintiff asserts that at the revocation hearing, he was sentenced to serve the remaining seven months and twenty-one days of the sentence imposed by the Dauphin County Court of Common Pleas. (Id.) On January 10, 2017, Plaintiff was sentenced in the Lackawanna County Court of Common Pleas to nine- to- eighteen months' imprisonment.[2] (Id.)

Plaintiff complains that rather than being committed to the county jail, he was illegally sent to a state correctional facility, where he is currently serving the remainder of his sentence. (Id.) Plaintiff provides that he wrote to Lauri B. Kelly, the Clerk of Judicial Records of Lackawanna County, asking her why he was in state prison when both state county courts sentenced him to county jail. (Id. at 4.) According to Plaintiff, the Lackawanna County Clerk of Judicial Records and the Department of Corrections have miscalculated his Dauphin and Lackawanna County sentences. (Id.) Specifically, he states that Defendants "illegally aggregate[d]" his time from both sentences, which has led him to be incorrectly and illegally incarcerated in state, rather than county, prison. (Id.) Plaintiff seeks $2,300.00 for every day he spends in the state correctional facility and requests that this Court "wipe away" the Dauphin and Lackawanna County sentences. (Id. at 5.)

---

(accessed Sept. 25, 2017). The docket sheet of Commonwealth v. Almuhsin, CP-22-CR-3740-2015 (C.C.P. Dauphin Cnty.), provides that Plaintiff pled guilty to resisting arrest, escape, and retail theft. (Id.) The Court takes judicial notice of these publicly available documents. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

[2] Commonwealth v. Almuhsin, CP-35-CR-495-2015 (C.C.P. Lacka. Cnty.).

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, prior to service of process, courts must screen civil complaints in which prisoners seek redress from governmental entities, officers, or employees. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). If a complaint fails to state a claim upon which relief can be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

The court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."). In performing this mandatory screening function, a district court applies the standard governing motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471. When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation specifically, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must plead: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the

Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

It is apparent that Plaintiff seeks to challenge the fact or length of his custody. Indeed, Plaintiff alleges that Defendants have improperly calculated the length of his custody, and because of this error, he is serving his sentence in state, rather than county, prison. (Doc. No. 1 at 3-4.) It is because of this alleged error in calculating his sentence that he seeks a release from his current place of confinement. (Id.) Thus, Plaintiff's action is one sounding in habeas corpus pursuant to 28 U.S.C. § 2254 rather than § 1983. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (stating that "whenever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition"); Kearney v. Dalsheim, 586 F. Supp. 667, 669 (S.D.N.Y. May 9, 1984) (finding that plaintiff's claim was properly brought under § 2254 rather than under § 1983, as plaintiff sought to be released from his current place of confinement and placed in a particular facility).

As it pertains to Plaintiff's challenge to the validity of his sentence and his request for release, such a challenge can be brought only pursuant to § 2254. Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001); see also Myers v. Pauling, Civ. No. 95-820, 1995 WL 334284, at *1 (E.D. Pa. June 2, 1995) ("Release from prison is not a remedy available under 42 U.S.C. § 1983."); Headley v. Ulrich, 2007 WL 4369834, at *1 n.4 (M.D. Pa. Dec. 11, 2007) ("Insofar as Plaintiff requests to be released from prison … he must file a petition for writ of habeas corpus pursuant to . . . § 2254."). As it concerns Plaintiff's claims for damages stemming from the alleged violations of his civil rights due to his conviction and confinement, such claims are

5

subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny. In Heck, the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
>
> A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (holding that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody).

To be sure, if Plaintiff's "§ 1983 [action] were successful, that is, if it was determined that his civil rights and federal law were violated as a result of his conviction and confinement, it would necessarily impugn the criminal judgment against him and his continued confinement." Rohn v. Horton, 508 F. App'x 170, 172 (3d Cir. 2013). Consequently, absent a demonstration that his "conviction or sentence [has been] reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," Plaintiff cannot maintain a cause of action under § 1983. Heck, 512 U.S. at 489. Accordingly, this action must be dismissed without prejudice.[3]

---

[3] The Court notes that the Lackawanna County Prison is not an entity subject to suit under 42 U.S.C. § 1983. Smith v. Samuels, Civ. No. 3:12-CV-524, 2013 WL 5176742, at *4 (M.D. Pa. Sept. 12, 2013) ("Courts have repeatedly recognized that a prison or correctional facility is not a

6

## IV. LEAVE TO AMEND

The Third Circuit has instructed that before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, a district court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, because Plaintiff's complaint seeks relief that is not cognizable in a § 1983 action, leave to amend would be futile. Accordingly, the complaint will be dismissed without leave to amend and this action will be closed.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed in forma pauperis (Doc. No. 2), will be granted, but the complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. An appropriate Order follows.

---

person for purposes of civil rights liability."). Moreover, insofar as Plaintiff contests his placement in a state rather than county correctional facility, it is well settled that "inmates have no constitutional right to placement in a particular institution." Bush v. Rendell, 533 F. App'x 141, 144 (3d Cir. 2013) (citing Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983)).